# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **ROBERT SYLVESTER HEATLEY**, | CASE NO. 08cv0580-L(WMc) |
| Petitioner, | |
| vs. | **ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| **JAMES E. TILTON**, | |
| Respondent. | |

The undersigned District Judge entered an Order denying a 28 U.S.C. § 2254 writ of habeas corpus sought by *pro se* litigant Robert Sylvester Heatley ("Heatley"), a state prisoner incarcerated for life without the possibility of parole for first-degree felony murder, burglary, and robbery with use of a deadly weapon. (Dkt No. 19.) Heatley filed a Notice of Appeal on April 30, 2009 challenging the dismissal Order and the corresponding Clerk's Judgment containing an application for a Certificate of Appealability ("COA") from the District Court. (Dkt No. 21.) A COA is required pursuant to 28 U.S.C. § 2253 before a petitioner can pursue an appeal. A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " Beaty v. Stewart, 303 F.3d 975, 984 (9th Cir. 2002), *quoting* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

1  Heatley seeks a COA on four issues:  (1)  whether the District Court erred in omitting an
2 opportunity for petitioner to rebut its findings supporting dismissal of the writ petition; (2) whether
3 the District Court unreasonably determined his "claim of right" theory was invalid based on the state
4 court records and the facts presented and without an evidentiary hearing or opportunity to rebut the
5 findings in support of dismissal; (3) whether the State and the District Court unreasonably determined
6 the facts in their rulings as to restitution because Heatley insists he was only an "aider and abettor,"
7 relying on a recent state decision California case purportedly holding restitution fines are unlawfully
8 assessed against accessories to murder, citing People v. Woods, 161 Cal.App.4th 1045 (2008); and
9 (4) whether the District Court erred in its determination Heatley "relies on pre-AEDPA standards and
10 authority in support of his request [for an evidentiary hearing]" without providing him an opportunity
11 to "rebut in light of Petitioner's cite to Earp v. Or[no]ski, 431 F.3d 1158, 1167 (9th Cir. 2005)" in his
12 Traverse at page 16.  (Dkt No. 21, p. 2.)  The Earp case merely reinforces the authority this Court
13 applied in denying an evidentiary hearing.  The Court finds Heatley has not made a "substantial
14 showing of the denial of a constitutional right" warranting the issuance of a COA with respect to any
15 of his articulated grounds.  In the assessment of this Court, none of his grounds presents a debatable
16 issue raising any constitutional concern or colorable claim for relief deserving of further proceedings.

17  First, Heatley contends he "believed elimination of the Magistrate [presumably through his
18 lack of consent to proceed for all purpose before a Magistrate Judge] carried a substantive adverse
19 consequence"  because had he elected to proceed before a Magistrate Judge pursuant to the Eastern
20 District's Local Rule 73-305, he thinks he would have had an objections period within which to oppose
21 the findings resulting in the dismissal of his Petition, assuming that judge had made the same findings
22 as this Court made.  (Dkt No. 21, 4:10-22.)  He therefore argues he "must be allowed to bring forth
23 rebuttal on appeal." (Dkt No. 21, 4:22.)  Heatley is mistaken. Had he consented to Magistrate Judge
24 jurisdiction for all purposes (and had Respondent also consented), a Magistrate Judge would have
25 decided the merits dispositively rather than a District Judge.  He would have been entitled to no
26 objections period in that circumstances, nor would he be in any different position than he is now *vis-a-*
27 *vis* a COA analysis.  The Anti-Terrorism And Effective Death Penalty Act ("AEDPA") does not
28 provide for an objections period to a District Judge's determinations on the merits  of a federal habeas

1  petition. His first appeal ground is accordingly without merit on the law, the procedural rules of court,
2  and the facts, and constitutes no showing of a denial of a constitutional right.

3      Heatley's Second and Fourth grounds for appeal are also without merit.  For the reasons
4  discussed in the Order, he failed to make the requisite showing entitling him to an evidentiary hearing
5  under AEDPA's restrictions on the holding of evidentiary hearings in federal habeas proceedings.
6  AEDPA indisputably controls all analyses associated with the merits of his Petition, including the
7  standards for granting an evidentiary hearing, as the Petition was filed after AEDPA's April 24, 1996
8  effective date.  28 U.S.C. § 2254(e); Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999);
9  Woodford v. Visciotti, 537 U.S. 19, 24 (2002).  Moreover, the Court discerns no constitutional issue
10 presented by his "claim of right" instructional error theory for the reasons discussed in the Order, nor
11 does it appear to this Court reasonable jurists would consider the matter "debatable or wrong." Beaty,
12 303 F.3d at 984; Slack, 529 U.S. at 484.

13     Finally, for the reasons recited in the Order, the Court found procedurally defaulted Heatley's
14 theory he was only an "aider and abettor" of the offenses, despite his conviction for felony murder
15 upon which the assessment of his restitution fine was based, and the question raised only state law
16 issues.  The Court further found on the merits he stated no federal constitutional claim warranting
17 habeas relief from the restitution fine.  In addition, Heatley's vague, conclusory, and unsubstantiated
18 contention the "requested COA must be granted to allow rebuttal and the opportunity to introduce
19 some [unidentified] newly discovered evidence to support petitioner[']s claim" (Dkt No. 21, 8:10-11
20 (emphasis added)) constitutes no "showing" at all for purposes of COA evaluation.

21     In the absence of a "substantial showing" the challenged Order and Judgment denied him a
22 constitutional right on any of his asserted grounds, Heatley's request for a COA is **DENIED**.

23     **IT IS SO ORDERED**.

24 DATED: June 19, 2009

25     _____
26     M. James Lorenz
    United States District Court Judge

27
28